**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRENDAN D. REICHERT,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v | ) | **2:09-cv-1493** |
| | ) | |
| **MON RIVER TOWING, INC.,** | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (Document No. 7) filed by Defendant Mon River Towing, Inc. ("Mon River"). Mon River filed a brief in support of the motion. Plaintiff, Brendan D. Reichert ("Reichert") has filed a response, a brief in opposition, and a declaration from counsel (Document Nos. 10-12). Mon River filed a reply brief. The motion is ripe for disposition.

Reichert asserts a claim for negligence under the Jones Act, 46 U.S.C. § 30104 et seq. Reichert served as a crew member aboard a Mon River vessel. He alleges that on July 16, 2006 he suffered injuries during the course of his employment due to a faulty locking mechanism on a winch.

The Motion to Dismiss is premised upon a statute of limitations defense. In summary, Defendant argues that the three-year limitations period expired several months prior to the filing of this case, and that the limitations period should not be equitably tolled due to the prior filing of a case in an Ohio state court. Accordingly, the procedural history will be reviewed in some detail.

Procedural History

The initial Complaint, 2009 CV 743, was filed in the Court of Common Pleas of Columbiana County, Ohio on July 9, 2009 (the "Ohio Action").[1]  The complaint alleged that jurisdiction and venue were proper because Mon River conducted business "within this forum's boundaries."  The first attempt at service by certified mail apparently failed because it was not "deliverable as addressed."  A First Amended Complaint was prepared and was served by certified mail on August 27, 2009.  A certified return receipt was signed by Dena Trilli on behalf of Mon River on August 31, 2009.  On September 24, 2009, counsel entered an appearance on behalf of Mon River and filed a motion to dismiss for lack of personal jurisdiction and, alternatively, due to forum non conveniens.  In its brief, Mon River acknowledged that it occasionally dropped off barges for repair at a landing on the Ohio River in East Liverpool, Ohio.  Mon River contended, however, that Reichert's accident had occurred in West Elizabeth, Pennsylvania, over fifty miles away from Columbiana, Ohio, and that the vessel and crew were maintained and primarily located in Pennsylvania.  In sum, this case involves a Pennsylvania resident who is suing a Pennsylvania corporation for an incident that occurred in Pennsylvania.

After briefing by both parties, the Court of Common Pleas of Columbiana County, Ohio granted Mon River's motion to dismiss for lack of personal jurisdiction on October 26, 2009 and dismissed the suit without prejudice.  Reichert filed a notice of appeal on November 17, 2009.  The initial Complaint in this case (the "Federal Action") was filed on November 9, 2009.  A First Amended Complaint was filed in the Federal Action on December 8, 2009, to correct a typographical error regarding the date of Reichert's injury.

---

[1]The docket for 2009 CV 743 has been attached as an Exhibit, and has been cited by both parties.

Legal Analysis

State and federal courts have concurrent jurisdiction to enforce seamen's rights under the Jones Act. *Engel v. Davenport*, 271 U.S. 33 (1926). The parties agree that the statute of limitations for filing a personal injury claim under the Jones Act is three years, as provided in 46 U.S.C. § 30106, which states: "Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose." The parties further agree that the limitations period expired on July 16, 2009, approximately four months prior to the filing of the Federal Action. However, the parties disagree as to whether the limitations period should be tolled due to the filing of the Ohio Action.

The leading authority is *Burnett v. New York Cent. R. Co.*, 380 U.S. 424 (1965) (FELA case involving an injury suffered by a railway employee).[2] The Jones Act explicitly provides that laws regulating recovery for personal injuries to railway employees shall apply to actions under the Jones Act. 46 U.S.C. § 30104. Thus, the discussion in *Burnett* is directly applicable to this case. The Supreme Court outlined the general principles that govern this analysis in *Burnett*:

> [T]he basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances. In order to determine congressional intent, we must examine the purposes and policies underlying the limitation provision, the Act itself, and the remedial scheme developed for the enforcement

---

[2]Plaintiff also cites to *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962). However, that case is of limited precedential value because it involved the transfer of a case from one federal court to another pursuant to 28 U.S.C. § 1406. This case, by contrast, involves the tolling of a federal statute of limitations when an action was improperly filed in a state court. Similarly, cases in which the Court of Appeals for the Third Circuit predicted how non-federal law would resolve this issue are inapposite. *See, e.g.*, *Young v. Clantech, Inc.*, 863 F.2d 300 (3d Cir. 1988) (predicting under New Jersey law that a lawsuit filed in a court that lacked personal jurisdiction would not toll the limitations period); *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200 (3d Cir. 2002) (predicting that Virgin Islands would adopt the "equitable tolling" doctrine embodied in the *Hosogai* Rule); *Jaworowski v. Ciasulli*, 490 F.3d 331 (3d Cir. 2007 (abrogating *Young* and predicting that New Jersey would adopt the equitable tolling approach).

3

of the rights given by the Act.

380 U.S. at 427.  The Supreme Court explained that "it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them."  *Id.* at 428.  Moreover, courts have an interest in being "relieved of the burden of trying stale claims when a plaintiff has slept on his rights."  *Id.*  The Court noted, however, that these considerations may be frequently overcome "where the interests of justice require vindication of the plaintiff's rights."  *Id.*  For example, the limitations period would be tolled if the defendant misled the plaintiff as to the filing deadline or if war prevented the plaintiff from timely filing the action.  The Supreme Court noted the "humanitarian purposes" of FELA, and observed that "Congress would not wish a plaintiff [to be] deprived of his rights when no policy underlying a statute of limitations is served in doing so."  *Id.* at 434.  Thus, the Court concluded that the FELA limitations period may be extended beyond three years under appropriate circumstances.  *Id.* at 427.  Specifically, the Supreme Court held:

> [W]hen a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit.

380 U.S. at 434-435.

The parties disagree as to the application of *Burnett* to the undisputed facts of this case. Mon River argues that the plain language of *Burnett* stands for the proposition that the limitations period is tolled only when a plaintiff's case is dismissed for improper venue.  Mon River reasons that because the Ohio Court determined that it did not have personal jurisdiction, the limitations period is not tolled.  Reichert argues that *Burnett* merely requires the state court to have subject-matter jurisdiction, such that his timely commencement of the Ohio Action was

4

sufficient to toll the limitations period, even though the Ohio Court lacked personal jurisdiction.

There is no definitive Third Circuit precedent as to which interpretation of *Burnett* is correct. In *School District of City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981), the Court of Appeals commented that "later Supreme Court cases imply that *Burnett* should be narrowly read." On the other hand, in *LaVallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Management Commission*, 866 F.2d 616, 626 (3d Cir. 1989), the Court of Appeals cited *Burnett* for the more expansive proposition that "by filing within the statutory time period, petitioner exercised proper diligence to merit tolling of [the] statute." There is some persuasive support for each party's position. In *Kelley v. CSX Transp., Inc.*, 2006 WL 952216 *6 (W.D. Pa. 2006) (Cercone, J.), the Court interpreted *Burnett* as creating a narrow exception to the general tolling rules only when the state suit was dismissed for improper venue. In *Schor v. Hope*, 1992 WL 22189 * 2 (E.D. Pa. 1992), the Court opined: "Dismissal for lack of personal jurisdiction is not the same as dismissal for improper venue." In *Schor*, the Court concluded that the limitations period would be tolled only if the case was on course for final judgment without issuance of new initial service of process. By contrast, in *Reynolds v. Logan Charter Service, Inc.*, 565 F. Supp. 84 (N.D. Miss. 1983), the Court held that the Jones Act limitations period was tolled by the filing of an action in a Texas state court. The Court held that this filing showed the "proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure," even though the Texas suit was dismissed for lack of personal jurisdiction. However, the *Reynolds* Court also commented: "It was not unreasonable for plaintiff to choose the Texas court for filing his original suit." *Id.* at 87. *See also Walck v. Discavage*, 741 F. Supp. 88 (E.D. Pa. 1990) (maritime tort claim by passenger on boat near Maryland/Delaware border tolled even though Maryland court

5

lacked personal jurisdiction over defendant). Suffice it to say, the precise scope of *Burnett* has not yet been determined.

The Court concludes that even assuming, *arguendo*, that the limitations period may be tolled even though the state court lacked personal jurisdiction, the underlying principles articulated in *Burnett* would not support tolling the statute of limitations under the facts and circumstances of this case. In *Walstrom v. City of Altoona*, 2008 WL 5411091 *12 (W.D. Pa. 2008) (Gibson, J.) (citations omitted), the Court explained: "the general federal rule concerning the issue of tolling is that the commencement of one action does not toll the statute of limitations applicable to another." The balancing of the parties' interests does not take this case outside the general rule. Most importantly, it was ***not*** reasonable for Plaintiff to have initiated this lawsuit in an Ohio state court. The case involves a Pennsylvania plaintiff, a Pennsylvania defendant, and an accident that occurred in Pennsylvania, over 50 miles from Ohio. There is absolutely no connection to Ohio – the accident did not even occur on the Ohio River. *Compare Walck,* 741 F. Supp. at 88 (incident occurred in close proximity to Maryland/Delaware border and it was reasonable for plaintiff to believe that filing in Maryland courts was proper). Reichert's failure to file the original case in Pennsylvania is inexplicable and inexcusable.[3] Tolling is not appropriate to preserve a claim when the party has failed to act reasonably. *See Stanifer v. Brannan*, 564 F.3d 455, 459 (6th Cir. 2009) (interests of justice are not served by preserving claim where plaintiff has made an obvious error by filing in the wrong state) (citations omitted). In addition, Mon River did not receive actual notice of the action until after the statute had expired. *See Burnett*, 380 U.S. at 428 (commenting that it is unjust not to put adversary on notice to defend

---

[3]The Court acknowledges that counsel acted promptly to file the Federal Action after the Ohio Action was dismissed.

within limitations period); *Walck*, 741 F. Supp. at 92 (noting that defendant had been served within the limitations period). Although service of the Ohio Action may have complied with the applicable rules in Ohio, the filing of the Action so close to the expiration of the limitations period and the failure of the first attempt at service due to an incorrect address contribute to the conclusion that "plaintiff has slept on his rights." *Burnett*, 380 U.S. at 428. Thus, Mon River's right to be free from this stale claim outweighs Reichert's interest in prosecuting it. In summary, it would not be consistent with congressional intent to toll the limitations period under the facts and circumstances of this case, and therefore the Federal Action is untimely.

In accordance with the foregoing, the MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (Document No. 7) filed by Defendant Mon River Towing, Inc. will be **GRANTED**.

Opportunity to Amend Complaint

If a complaint is subject to dismissal under Fed. R. Civ. P. 12, a district court must permit a curative amendment unless such an amendment would be inequitable or futile, regardless of whether plaintiff has sought this relief. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In this case, any amendment would be futile because the underlying facts are already well-pled and the action is untimely as a matter of law. Accordingly, the clerk is directed to docket this case closed.

An appropriate order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRENDAN D. REICHERT,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v** | ) **2:09-cv-1493** |
| | ) |
| **MON RIVER TOWING, INC.,** | ) |
| **Defendant.** | ) |
| | ) |

**ORDER OF COURT**

**AND NOW**, this 29th day of January, 2010, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the

MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (Document No. 7) filed by

Defendant Mon River Towing, Inc. is **GRANTED**.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:     Dennis M. O'Bryan, Esquire
        Email: dob@obryanlaw.net

        Rodger L. Puz, Esquire
        Email: rpuz@dmclaw.com